**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-7854**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN MCCROREY, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Chief District Judge. (CR-98-2942-JFA; CA-05-2942-JFA)

———————————

Submitted: February 16, 2006          Decided: February 23, 2006

———————————

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Calvin McCrorey, Jr., Appellant Pro Se. Marshall Prince, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Calvin McCrorey, Jr., seeks to appeal the district court's orders denying relief on his motion filed under Fed. R. Civ. P. 60(b) and motion to reconsider. The district court construed McCrorey's Rule 60(b) motion as a motion under 28 U.S.C. § 2255 (2000) and dismissed the action as successive. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that McCrorey has not made the requisite showing.

Additionally, we construe McCrorey's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on

either:  (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000).  McCrorey's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize McCrorey to file a successive § 2255 motion, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED